CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 1 5 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

RODNEY L. CONYER, # 31789-037,       )
    Petitioner,                               )       Civil Action No. 7:05cv 00220
                                              )
v.                                            )       **MEMORANDUM OPINION**
                                              )
UNITED STATES OF AMERICA,             )       By: Jackson L. Kiser
    Respondent.                              )       Senior U.S. District Judge

        Petitioner Rodney L. Conyer, # 31789-037, a federal inmate proceeding pro se, brings this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Conyer pled guilty to one count of bank robbery. He received a sentence of 87 months, to be followed by three additional years of supervised release. Conyer then filed a direct appeal in the United States Court of Appeals for the Third Circuit; the court affirmed his convictions. He subsequently filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 in that court; it was denied on October 7, 2003.

        In his present petition before this court, Conyer alleges that the court improperly considered his three prior convictions for misdemeanors in determining his criminal history level. He further alleges that he was provided ineffective assistance of counsel because counsel was aware of said prior criminal history, but made no objection to the court considering such crimes in its determination of his criminal history level.

        Generally, review of cognizable claims is available under § 2241 when § 2255 provides no adequate remedy. See United States v. Pregent, 190 F.3d 279, 284 n.6 (4th Cir. 1999). The United States Court of Appeals for the Fourth Circuit has held that § 2255 is inadequate and ineffective to test the legality of a conviction when: 1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; 2) subsequent to the prisoner's direct

appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and 3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." Id. at 333.

Considering Conyer's petition in light of this standard, it is clear that he cannot proceed under § 2241. With respect to the first prong of this test, it is indisputable that at the time of his conviction, settled law established the legality of his convictions for bank robbery. As to the second prong of the Jones test, the court must determine whether the substantive law relating to Conyer's offenses has changed such that the conduct for which he was convicted is no longer considered to be "criminal." A review of current federal law clearly shows that the conduct for which Conyer is currently incarcerated continues to constitute a criminal offense. See 18 U.S.C. § 2213. Thus, Conyer is unable to satisfy the second prong of the Jones test necessary for this court to find that he may proceed under § 2241 with his petition for writ of habeas corpus. Inasmuch as Conyer has failed to meet the second prong, it is unnecessary to determine whether the third prong of the test is met in this case. Accordingly, he cannot demonstrate that § 2255 is an inadequate or ineffective remedy to test the legality of his detention and thus, relief under § 2241 cannot be granted.

As noted above, Conyer has previously filed a § 2255 petition and he has made no showing that he has filed an appropriate motion seeking permission to file a successive § 2255 petition. Thus, to the extent that the instant petition can be construed as one brought pursuant to § 2255, it is successive and must therefore be dismissed.

The Clerk of the Court is directed to send certifies copies of this memorandum opinion and

2

accompanying order to petitioner and to counsel of record for the respondents, if known.

ENTER: This __15th__ day of April, 2005.

Senior U.S. District Judge

3